UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

FRANCIS NUGENT HEAFY,

                                Plaintiff,                          **MEMORANDUM & ORDER**
                                                                           **08 CV 264 (LB)**

    -against-

DUANE HAMMOC, R.N.,

                                Defendant.

-----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. §1983 on January 8, 2008. Plaintiff has failed to serve defendant within 120 days. Therefore, plaintiff's complaint is dismissed without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 4(m).[1]

## BACKGROUND

On January 8, 2008, plaintiff filed his complaint alleging that on June 22, 2007 a "male nurse" in defendant Brookhaven Memorial Hospital's ("Brookhaven") emergency room repeatedly "came on to" him in a "sexual way", and "touched [plaintiff] close to [his] genit[]als." See docket entry 1 at 4. The Court granted plaintiff's application to proceed *in forma pauperis* on January 28, 2008. See docket entry 5. Defendant Brookhaven answered plaintiff's complaint on February 29, 2008. See docket entry 7.

On March 17, 2008, counsel for Brookhaven informed the Court that plaintiff had been

---

[1] The Honorable Eric N. Vitaliano so ordered the consent to jurisdiction by United States Magistrate Judge on March 25, 2008. See docket entry 17.

discharged from his place of incarceration on February 28, 2008. See docket entry 13. By Order dated March 25, 2008, the Court reminded plaintiff of his obligation to inform the Court of his current address and noted that the New York State Department of Corrections inmate locator service listed plaintiff as currently incarcerated at Downstate Correctional Facility. See docket entry 15. By endorsed Order dated April 2, 2008, the Court directed counsel for Brookhaven to attempt to identify the "John Doe" nurse and on April 14, 2008, defendant's counsel identified the "John Doe" as a travel nurse named Duane Hammoc, R.N. and provided a service address for defendant Hammoc. See docket entries 18, 19. On April 9, 2008, plaintiff updated his address to Mid-State Correctional Facility. See docket entry 20. On May 12, 2008, plaintiff stipulated to discontinue the action as to defendant Brookhaven.

On May 21, 2008, after the Court directed the United States Marshals Service to serve Duane Hammoc, the Process Receipt and Return was returned unexecuted to the Court. See docket entry 25. On June 17, 2008, the Court issued an Order informing plaintiff that the Court and the terminated defendant, Brookhaven, had done all they could do to provide a service address for the defendant. See docket entry 26. The Court directed plaintiff to provide an address for defendant Hammoc by July 16, 2008, or the Court would dismiss the case without prejudice for failure to serve defendant within 120 days under Fed. R. Civ. P. 4(m). Id. On June 30, 2008, mail sent to plaintiff was returned and marked "RTS; Undeliverable, Wrong # and Unidentifiable." See docket entry 27.

The Court issued an Order dated July 24, 2008 noting that plaintiff had been paroled and had failed to update the Court with his current address. See docket entry 28. The Court corrected plaintiff's mailing zip and prisoner ID number and had its June 17, 2008 Order resent to plaintiff.

2

Id. The Court also ordered plaintiff to update the Court with his current address by August 22, 2008 and to comply with its June 17, 2008 Order or the Court shall dismiss his case under Fed. R. Civ. P. 4(m). Id. Plaintiff has not complied with the Court's Orders.

## DISCUSSION

Fed. R. Civ. P. 4(m) provides:

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). Plaintiff filed his complaint on January 8, 2008. Despite two orders from the Court, plaintiff has failed to serve defendant Hammoc.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 4(m). The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 24, 2008
Brooklyn, New York